IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-423-FL

| | |
|---|---|
| ELIZABETH ATKINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DUKE RALEIGH HOSPITAL and CITY ) | |
| OF RALEIGH – GO RALEIGH, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court upon defendant Duke University Health System, Inc.'s ("Duke") motion to dismiss under Fed. R. Civ. P. 12(b)(6) (DE 16); defendant City of Raleigh's ("Raleigh") motion to dismiss under Fed. R. Civ. P. 12(b)(2) and (5) (DE 19); and defendant RATP Dev USA, Inc.'s ("RATP") motion to dismiss under Fed. R. Civ. P. 12(b)(2), (5), and (6) (DE 21).[1] The issues raised are ripe for ruling. For the following reasons, defendants' motions are granted.

## STATEMENT OF THE CASE

Plaintiff commenced this action June 24, 2024, in Wake County Superior Court by filing pro se complaint against "City of Raleigh – Go Raleigh" and "Duke Raleigh Hospital." (Compl.

---

[1] Duke University Health System, Inc. does business as "Duke Raleigh Hospital" and responds to all claims against "Duke Raleigh Hospital" in this action. (DE 17 at 1). Go Raleigh is not a legal entity and is the brand name of the Raleigh municipal transit system, which is operated jointly by the City of Raleigh and RATP Dev USA, Inc. (DE 20 at 1). The City of Raleigh and RATP Dev USA, Inc. respond to all claims against "Go Raleigh" in this action.

(DE 1-2) at 2).[2]  Plaintiff asserts violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").  She seeks damages and injunctive relief.

Defendant Duke removed to this court July 23, 2024.  After extension of time, defendant Duke filed the instant motion to dismiss for failure to state a claim August 26, 2024; defendant Raleigh filed the instant motion to dismiss for insufficient service of process and lack of subject matter jurisdiction August 29, 2024; and defendant RATP filed the instant motion to dismiss for insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim August 29, 2024.  The court issued a notice to plaintiff August 28, 2024, informing her that a motion to dismiss had been filed and that her failure to respond may result in dismissal.  (DE 18). Plaintiff did not respond.

## STATEMENT OF THE FACTS

The facts alleged in the complaint may be summarized as follows.  Plaintiff alleges that "on several occasions Go Raleigh headquarters bus driver and supervisors refused to respect ADA with service dog in training guidelines."  (Compl. at 2).  Plaintiff "feel[s] violated," and has endured "mental anguish, mental distress, [and] pain and suffering."  (Id.).

Plaintiff also alleges that on Monday, June 17, 2024, she went to Duke with swelling in her jaw and learned that she had an abscess, which required her to be admitted to the hospital.  (Compl. 3).  Upon being admitted to her hospital room, plaintiff claims she was questioned about whether she had food for her service dog in training, and she responded that she did.  (Id.).  Plaintiff alleges that she was informed that during her admission she would be on continuous antibiotics that would normally prevent her from leaving the inside of the hospital, but she received permission to be able

---

[2]  Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

2

Case 5:24-cv-00423-FL     Document 24     Filed 02/24/25     Page 2 of 8

to take her dog outside for bathroom breaks. (Id.). Plaintiff states that she took her dog for bathroom breaks as needed. (Id.).

The next day, upon returning to her room after a procedure, plaintiff alleges she was told that her dog had to leave the hospital. (Id.). Plaintiff states she was then advised that someone would need to get her dog. (Id. at 4). Plaintiff alleges that defendant Duke's staff members indicated that emotional support animals were not allowed in the hospital and then stated that her dog was not a service animal. (Id.). Plaintiff then advised that her dog was an in-training service animal, but Duke's staff informed her that her dog still could not be present while plaintiff was being treated, according to their policy. (Id.). As a result, Plaintiff contends that she refused to sign a voluntary discharge. (Id.).

## COURT'S DISCUSSION

A.  Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[3]

---

[3]  Internal citations and quotation marks are omitted from citations unless otherwise specified.

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of a claim for lack of personal jurisdiction. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) ("[T]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.").

A motion under Rule 12(b)(4) challenges the sufficiency of process, while a motion under Rule 12(b)(5) challenges the sufficiency of service of process. See Fed. R. Civ. P. 12(b)(4), (b)(5). A plaintiff bears the burden of establishing that process properly has been served. See Mylan Labs., Inc., 2 F.3d at 60.

B.   Analysis

   1.   Defendant Duke

To state a claim for relief under Title III of the ADA, a plaintiff must show that 1) she is disabled within the meaning of the ADA; 2) the defendant owns, leases, or operates a place of public accommodation; and 3) the defendant discriminated against her because of her disability. J.D. v. Colonial Williamsburg Found., 925 F.3d 663, 669-70 (4th Cir. 2019). Defendant Duke asserts plaintiff has failed to satisfy the first and third prongs. (DE 17 at 4). The court agrees.

      a.   Disabled Withing the Meaning of the ADA

The ADA defines "disability" with respect to an individual as "(A) a physical or mental

4

impairment that substantially limits one or more major life activities of such individual; (B) a record of an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1). To properly allege a disability under the ADA, a plaintiff must allege: "(1) that [s]he has a physical or mental impairment, (2) that this impairment implicates at least one major life activity, and (3) that the limitation is substantial." Wicomico Nursing Home v. Padilla, 910 F.3d 739, 751 (4th Cir. 2018). "Major life activities" include, but are not limited to, such activities as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). To plausibly allege a disability, a plaintiff must allege specific facts connecting her symptoms to any limitations of her major life activities. See, e.g., Wicomico Nursing Home, 910 F.3d at 751 (explaining that the allegation that plaintiffs are "qualified individuals with a disability" is inadequate when "[t]his conclusory phrase is the sum total of the Complaint's allegations addressing the elements of an ADA claim").

Here, while plaintiff alleges a physical impairment, in the form of a jaw abscess, plaintiff has not alleged any facts indicating that such condition "implicates at least one major life activity," or that "the limitation is substantial." Id. Thus, the allegations in the complaint are insufficient for the court to find that plaintiff is disabled. Accordingly, she is not entitled to relief under the ADA, and her claim against defendant Duke must be dismissed on this basis.

In addition, plaintiff fails to allege facts giving rise to an inference of discrimination. Discrimination under Title III of the ADA is defined to include "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii). Implementing regulations provide that "[g]enerally,

5

a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability," 28 C.F.R. § 36.302(c)(1), with the term "service animal" defined by reference to specific criteria. 28 C.F.R. § 36.104. However, plaintiff does not allege facts permitting an inference that her dog was a service animal within the meaning of such regulations. Therefore, plaintiff's complaint against Duke must be dismissed on this additional basis.

    2.    Defendant Raleigh

Defendant Raleigh asserts that this court lacks personal jurisdiction over it due to plaintiff's failure to serve process upon it. "In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as defendant." Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); see Life Techs. Corp. v. Govindaraj, 931 F.3d 259, 264-65 (4th Cir. 2019) ("[S]ervice of process is fundamental to the imposition of any procedural restraint on a named defendant, and enables the court to exercise personal jurisdiction over him.").

A local government "must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j). Under North Carolina law, a plaintiff may serve a city by personally delivering or mailing a copy of the summons and complaint, registered or certified mail, return receipt requested, addressed to the city's mayor, city manager, or clerk. See N.C.G.S. § 1A-1, Rule 4(j)(5)(a).

The return of service form indicates a copy of the summons and complaint was delivered to "Brian Andrews (GM) 4104 Poole Rd." on June 26, 2024, and the signature line reads "copy left." (DE 1-6 at 3). According to defendant Raleigh, Brian Andrews is not a city employee and is not authorized to accept service on Raleigh's behalf. (DE 20 at 4). Plaintiff presents no other

6

Case 5:24-cv-00423-FL    Document 24    Filed 02/24/25    Page 6 of 8

evidence that she served defendant Raleigh's chief executive officer in accordance with Rule 4(j)(2)(A) or that she served Raleigh's mayor, city manager, or clerk under N.C.G.S. § 1A-1, Rule 4(j)(5)(a). In the absence of effective service of process, the court may not exercise personal jurisdiction over defendant Raleigh. See Murphy Bros., 526 U.S. at 350; Life Techs, 931 F.3d at 264-65. Accordingly, all claims against defendant Raleigh are dismissed without prejudice for lack of personal jurisdiction.

   3.   Defendant RATP

Defendant RATP also moves for dismissal under Rule 12(b)(6) for failure to state a claim.[4] Plaintiff's allegations regarding Go Raleigh are barer than those regarding defendant Duke. "On several occasions Go Raleigh headquarters bus driver and supervisors refused to respect ADA – with service dog in training guidelines. [Plaintiff] feel[s] violated, harassed, caused mental anguish, mental distress, pain and suffering." (Compl. 2). Plaintiff fails to allege that she is disabled or that she was discriminated against due to her disability. Thus, she has failed to state a claim under Title III of the ADA. See Colonial Williamsburg Found., 925 F.3d at 669-70. Accordingly, and for the same reasons plaintiff's claims against defendant Duke are dismissed, to the extent plaintiff raises any claims against defendant RATP, such claims are dismissed for failure to state a claim.

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss (DE 16, 19, 21) are GRANTED. Plaintiff's complaint (DE 1-2) is DISMISSED for failure to state a claim pursuant to Rule 12(b)(6) as to defendants Duke and RATP and DISMISSED WITHOUT PREJUDICE for lack of personal

---

[4] Where the court dismisses plaintiff's claims against defendant RATP on this basis, the court does not reach defendant RATP's arguments based upon insufficient service.

7

jurisdiction pursuant to Rule 12(b)(2) as to defendant Raleigh. The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of February, 2025.

                                                 LOUISE W. FLANAGAN
                                                 United States District Judge

8

Case 5:24-cv-00423-FL    Document 24    Filed 02/24/25    Page 8 of 8